### (October 6, 1964)

■ In the Matter of Donald L. Ross, Respondent, v. Theodore H. Lang et al., Constituting the Department of Personnel, Civil Service Commission of the City of New York, Appellants.— Order entered October 16, 1963, in proceeding brought pursuant to article 78 of the Civil Practice Act (now CPLR), granting petitioner's application, vacating and annulling the determination by the Civil Service Commission of the City of New York that petitioner was disqualified, directing that petitioner be marked qualified for the position of Patrolman, Police Department, City of New York, and restoring his name on the eligible list for such position, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to appellants, the application denied, and the petition dismissed. There has been no showing that petitioner was entitled to a hearing as a matter of law, although on the last administrative appeal he received one (cf. Rules and Regulations of the Classified Civil Service of the Civil Service Commission of the City of N. Y., rule 4.3.5 [b]; Civil Service Law, § 50, subd. 4). Consequently, the test is not the sufficiency of the evidence under the substantial evidence rule. Moreover, the petition attacks the determination only on the basis that it is arbitrary and capricious. It cannot be said that respondents' action was arbitrary or capricious, or, for that matter, that there was an absence of substantial evidence that petitioner willfully suppressed the evidence as to his need for eyeglasses. The facts out of which petitioner received a summons in a criminal proceeding also supplied a reasonable basis, in combination with the other findings, to sustain the administrative action of the commission. While the notice to petitioner, dated November 5, 1962, did not make explicit and specific the personality characteristics of petitioner upon which the commission also based its action, the notice covered the underlying matters, and the hearing reveals that petitioner was in complete understanding of all the issues raised. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.